IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEANNA BROOKS,**<br><br>*Plaintiff,*<br><br>v.<br><br>**VALLEY FORGE EDUCATIONAL SERVICES,** *et. al.,*<br><br>*Defendants.* | **Civil Action No. 2:23-cv-4070-JDW** |

## MEMORANDUM

When disputes arise, everyone has a right to bring a dispute before a court for resolution. Anyone can give up that right, including by agreeing to an alternative forum like arbitration. But there has to be an agreement; we don't force people to arbitrate if they haven't agreed to do so. Deanna Brooks wants to force Valley Force Educational Services to arbitrate the claims that Ms. Brooks asserts against it, but there's no arbitration agreement between the two. Ms. Brooks tries to ride on the coattails of an arbitration agreement she signed with a different company, but she has no basis to do so. I will therefore deny her motion to compel arbitration.

**I.     BACKGROUND**

Ms. Brooks worked for Pediatric Therapeutic Services ("PTS") as a Behavioral Technician. She entered an Independent Contractor Agreement with PTS dated September 23, 2022, which explains that PTS was "engaged in the business of referring a

full range of Independent Contractor education-based services to various health care providers and other entities under contract with" PTS. (ECF No. 27-6 at 1.) As part of the Independent Contractor Agreement, Ms. Brooks and PTS agreed to "submit any and all claims arising out of, or touching upon, [Ms. Brooks's] engagement with [PTS] or this Agreement to binding arbitration … ." (*Id.* at 6 (¶ 21).)

PTS has a contract with Radnor School District to provide independent contractors to the School District that covers the 2021 – 2024 school years. The School District also has a contract with Valley Forge Educational Services, d/b/a The Vanguard School ("Vanguard"), pursuant to which Vanguard provides special ed services for Radnor School District ("RSD") students who attend Vanguard. PTS and Vanguard do not have a contractual relationship.

On December 5, 2022, PTS assigned Ms. Brooks to Vanguard pursuant to a request from RSD. She claims that Vanguard employees supervised her while she worked there. Ms. Brooks was pregnant during her assignment at Vanguard, and she claims that she missed work for a doctor's visit. Shortly after that, Vanguard employees told her that she was fired, and she then received a termination letter from PTS. She claims that Vanguard and PTS discriminated against her for being pregnant and retaliated against her.

Ms. Brooks filed this suit on October 20, 2023. She names PTS and Vanguard as defendants.[1] She alleges that the companies were co-employers or joint employers because she worked at Vanguard's facility and reported to supervisors for both entities.

On January 17, 2024, Ms. Brooks entered a stipulation with PTS to submit her claims against it to arbitration pursuant to the arbitration agreement in the Independent Contractor Agreement. On March 28, 2024, Ms. Brooks moved to compel Vanguard also to arbitrate pursuant to the arbitration agreement between Ms. Brooks and PTS. I denied that Motion without prejudice and permitted the parties to take arbitration-related discovery. Ms. Brooks renewed her Motion on July 12, 2024, and the renewed Motion is ripe for review.

## II. LEGAL STANDARD

If the grounds to compel arbitration are not obvious from the face of a complaint, then a "district court decides a motion to compel arbitration under the same standard it applies to a motion for summary judgment." *Kaneff v. Del. Title Loans,* 587 F.3d 616, 620 (3d Cir. 2009). Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of

---

[1] In the Complaint, Ms. Brooks gets Vanguard's corporate name wrong, but she and Vanguard entered into a stipulation to correct the caption. (*See* ECF No. 10.)

3

summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotations omitted). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted). The movant is entitled to judgment as a matter of law when the non-moving party fails to make such a showing. *Dodson v. Coatesville Hosp. Corp.*, No. 18-3065, 773 Fed. App'x 78, 81 n.6 (3d Cir. June 3, 2019) (quotation omitted).

### III.   ANALYSIS

An arbitration agreement is an agreement to waive the right to proceed in court, including the Seventh Amendment right to a jury trial. *See Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 223 (3d Cir. 2007). Waivers of rights—especially Constitutional rights—must be knowing, intelligent, and voluntary. *See, e.g., Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848 (1982). Although courts usually apply a presumption in favor of enforcing arbitration agreements, the presumption does

4

not extend "to non-signatories to an agreement; it applies only when both parties have consented to and are bound by the arbitration clause." *Griswold v. Coventry First LLC*, 762 F.3d 264, 271 (3d Cir. 2014). If a party has not consented to arbitration, "the courts have no authority to mandate that he do so." *Bel–Ray Co., Inc. v. Chemrite (Pty) Ltd.,* 181 F.3d 435, 444 (3d Cir.1999).

If "traditional principles" of state law allow a non-party to enforce a contract, then those principles can also permit a non-signatory to invoke an arbitration provision. *See Griswold*, 762 F.3d at 271. Equitable estoppel, one such principle, can result in the enforcement of a contract, including an arbitration agreement, against a non-party in two circumstances. *See id.* at 272. *First*, under a "knowingly exploits" theory, courts have bound nonsignatories to arbitration clauses if the nonsignatory "embraces the agreement and directly benefits from it." *Id.* (citation omitted). *Second*, under an alternative estoppel theory, "courts have bound a signatory to arbitrate with a non-signatory" when the nonsignatory insists there is a close relationship between the entities involved and the claims "were intimately founded in and intertwined with the underlying contract obligations." *Id.*; *see also Dodds v. Pulte Home Corp.*, 909 A.2d 348, 351 (Pa. Super. Ct. 2006).

Neither theory of estoppel applies in this case. Ms. Brooks has not identified any act that Vanguard took to embrace the Independent Contractor Agreement and to benefit directly from it. It is not enough that PTS sent Ms. Brooks to Vanguard at the

5

School District's request; Vanguard got some benefit from that assignment, but not directly as a result of the Independent Contractor Agreement between Ms. Brooks and PTS. Nor has Ms. Brooks presented any facts to suggest a close relationship between PTS and Vanguard, nor has she shown that her claims against Vanguard are intimately founded in and intertwined with the Independent Contractor Agreement that she signed with PTS. To the contrary, her claims arise under independent statutes, not out of the Independent Contractor Agreement.

Ms. Brooks cites several cases that she claims support her position, but they don't. In each case that she cites, a non-signatory to an arbitration agreement sought to invoke the arbitration clause against a signatory. In that circumstance, the non-signatory knowingly, intelligently, and voluntarily waives its right to a jury trial when it files the motion, and the respondent has done so when it signed the agreement. Thus, a court has a basis to conclude that everyone involved has waived that right. In contrast, in this case, Vanguard, as a non-signatory to the agreement, has not done anything to knowingly, intelligently, or voluntarily waive its right to litigate disputes with Ms. Brooks. That is the reason for a court to "treat these foregoing circumstances differently" than Ms. Brooks seeks in her reply brief. (ECF No. 29 at 1.) Ms. Brooks's arguments about the efficiency of a single proceeding in arbitration do not change that analysis.[2]

---

[2] Ms. Brooks makes a passing reference to third party beneficiaries in her motion. (ECF No. 27-2 at 7.) However, she doesn't develop it, and it doesn't appear to be the basis on

**IV.     CONCLUSION**

Vanguard didn't waive its right to litigate its disputes in court, including its Seventh Amendment right to a jury trial. I will therefore deny Ms. Brooks's motion to compel Vanguard to arbitrate. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

September 17, 2024

---

which she's proceeding. Even if she were, it wouldn't save her. A third party beneficiary theory is similar to an equitable estoppel theory in that a non-signatory can enforce an agreement against a signatory, but not the other way around. *E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F.3d 187, 202 (3d Cir. 2001).